# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 92 CR 307 - 4 | **DATE** | 10/18/2004 |
| **CASE TITLE** | USA vs. Billy Rodriguez, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum. Accordingly the Opinion did indeed treat Valentin's submission as a Section 2255 motion, with no intention of engaging in an impermissible recharacterization. It may be added, albeit parenthetically, that the potential harm from any recharacterization is entirely absent here, because any Section 2255 motion on his part must be doomed not only an untimely but also for the added ground specified in the Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 20 2004 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 10/19/2004 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
            Plaintiff,           )
                                 )
      v.                         )   No. 92 CR 307-4
                                 )
BILLY RODRIGUEZ, etc.,           )
                                 )
            Defendant.           )

MEMORANDUM

Billy Rodriguez a/k/a Billy Valentin ("Valentin")[1] has filed a pro se notice of appeal from the Opinion, which summarily dismissed Valentin's years-late motion to set aside and vacate the 292-month custodial sentence that this Court had imposed on him more than a decade ago. In material part, although the notice of appeal also includes a number of other scattershot assertions, Valentin complains of what he characterizes as this Court's arbitrary construction of his motion as having been brought under 28 U.S.C. §2255 ("Section 2255").

This Court is of course well aware that it is inappropriate to <u>recharacterize</u> as a Section 2255 motion a post-conviction effort to gain relief by someone in federal custody. But in this instance Valentin had simply labeled his motion as "Defendants Pro Se Motion To Set Aside and Vacate Sentence," without

---

[1] Because defendant's true last name is Valentin, even though he was criminally charged under the Rodriguez surname, this memorandum order--like this Court's September 1, 2004 memorandum opinion and order ("Opinion")--continues to conform to defendant's real name.

attaching any label to it other than "motion," and the only conceivable source of such relief so long after the fact would have been under Section 2255 (by contrast, jurisdiction to correct or reduce a sentence under Fed. R. Crim. P. 35(a) exists for only the shortest of time spans--seven days--and for limited grounds). Moreover, Valentin had tendered no fee and had captioned his filing under the original criminal Case No. 92 CR 307-4--treatment also consistent only with a Section 2255 motion.

Accordingly the Opinion did indeed treat Valentin's submission as a Section 2255 motion, with no intention of engaging in an impermissible recharacterization. It may be added, albeit parenthetically, that the potential harm from any recharacterization (the possibility that a later effort by Valentin might be treated as a second motion, one requiring appellate certification under the final paragraph of Section 2255) is entirely absent here, because _any_ Section 2255 motion on his part must be doomed not only as untimely but also for the added ground specified in the Opinion.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　Senior United States District Judge

Date: October 18, 2004